DECISION
{¶ 1} Relator, Stanley H. Penn, an inmate at the Ross Correctional Institution, has filed an original action requesting that this court issue a writ of mandamus ordering respondent, the Honorable Dale Crawford, a judge of the Franklin County Court of Common Pleas, to render findings of fact and conclusions of law with respect to respondent's judgment entry, filed December 13, 2005, overruling relator's petition for post-conviction relief pursuant to R.C. 2953.21. *Page 2 
 {¶ 2} On March 3, 2006, respondent filed a motion for summary judgment pursuant to Civ.R. 56(C). Attached to respondent's motion was a certified copy of an amended judgment entry filed by the trial court on March 2, 2006.
 {¶ 3} This matter was referred to a magistrate of this court pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals. On January 22, 2007, the magistrate issued a decision, including findings of fact and conclusions of law. (Attached as Appendix A.) The magistrate recommended that respondent's motion for summary judgment should be granted on the basis that respondent had performed the act which relator sought to compel. No objections have been filed to the magistrate's decision.
 {¶ 4} Based upon an examination of the magistrate's decision, an independent review of the evidence, and finding no error of law or other defect on the face of the magistrate's decision, this court adopts the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein. In accordance with the magistrate's recommendation, respondent's motion for summary judgment is granted. Relator's requested writ of mandamus is denied.
Respondent's motion for summary judgment granted; Writ denied.
 SADLER, P.J., and TYACK, J., concur. *Page 3 APPENDIX A MAGISTRATE'S DECISION {¶ 5} In this original action, relator, Stanley H. Penn, an inmate of the Ross Correctional Institution ("RCI") requests a writ of mandamus ordering respondent the Honorable Dale Crawford, a Judge of the Franklin County Court of Common Pleas, to render findings of fact and conclusions of law with respect to respondent's December 13, 2005 judgment entry overruling relator's R.C. 2953.21 petition for post-conviction relief. *Page 4 
Findings of Fact: {¶ 6} 1. On January 12, 2006, relator, an RCI inmate, filed this original action requesting that a writ of mandamus issue against Judge Crawford to compel him to render findings of fact and conclusions of law with respect to respondent's December 13, 2005 judgment entry overruling relator's R.C. 2953.21 petition for post-conviction relief.
 {¶ 7} 2. On March 3, 2006, respondent filed a Civ.R. 56 motion for summary judgment. In support, respondent submitted a certified copy of an amended judgment entry filed by Judge Crawford in the common pleas court on March 2, 2006. The amended judgment entry states:
 This cause came to be heard on Defendant's "Motion for Post-Conviction Relief." R.C. § 2953.21(A)(2), the post-conviction relief statute, provides: "Except as otherwise provided in section 2953.23 of the Revised Code, a petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication . . ." The trial transcript was filed on January 20, 2000. Defendant did not file his motion for post-conviction relief until September 14, 2005. As a result, it was not timely filed.
 Accordingly, Defendant's Motion for Post-Conviction Relief is OVERRULED.
(Emphasis sic.)
 {¶ 8} 3. On March 8, 2006, this magistrate issued notice of a summary judgment hearing.
 {¶ 9} 4. Relator has not opposed respondent's motion for summary judgment.
Conclusions of Law: *Page 5 {¶ 10} It is the magistrate's decision that this court grant respondent's motion for summary judgment, as more fully explained below.
 {¶ 11} Summary judgment is appropriate when the movant demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, said party being entitled to have the evidence construed most strongly in his favor. Turner v. Turner (1993), 67 Ohio St.3d 337, 339-340; Bostic v.Connor (1988), 37 Ohio St.3d 144, 146; Harless v. Willis Day WarehousingCo. (1978), 54 Ohio St.2d 64, 66. The moving party bears the burden of proving no genuine issue of material fact exists. Mitseff v.Wheeler (1988), 38 Ohio St.3d 112, 115.
 {¶ 12} Civ.R. 56(E) states, in part:
 * * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party.
 {¶ 13} Based upon the certified entry of respondent, summary judgment is appropriate here. Respondent has performed the act which relator seeks to compel in this action.
 {¶ 14} Accordingly, it is the magistrate's decision that this court grant respondent's motion for summary judgment.
 KENNETH W. MACKE *Page 6 
MAGISTRATE
 NOTICE TO THE PARTIES
Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). *Page 1